HENRY WATERHOUSE TRUST COMPANY, LIMITED, RECEIVER, SECURITY TRUST COMPANY, LIMITED, *v.* GEORGE H. VICARS, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF MANUEL BRANCO, DECEASED, AND UNITED STATES FIDELITY AND GUARANTY COMPANY, A MARYLAND CORPORATION.

No. 1557.

CROSS-APPEALS FROM CIRCUIT JUDGE FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

ARGUED FEBRUARY 3, 1925.                    DECIDED MARCH 31, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

TRUST COMPANIES—*winding up—preferred claims.*

An antecedent debt of a trust company appointed executor of the estate of its creditor is not a fiduciary obligation within the meaning of R. L. 1925, s. 3488, par. 3.

SAME—*same—same.*

A "debenture" within the meaning of R. L. 1925, s. 3488, par. 4, is a secured debt of the corporation.

### OPINION OF THE COURT BY PETERS, C. J.
#### (Perry, J., concurring.)

This is a bill in equity by the receiver of the Security Trust Company, Limited, an Hawaiian corporation organized under the provisions of R. L. 1925, c. 193, for instructions as to its duties under the provisions of R. L. 1925, s. 3488, in the payment of certain claims presented by the administrator *de bonis non* with the will annexed of the estate of Manuel Branco, deceased. The bill alleges that on the 7th day of September, 1920, the Security Trust Company, Limited, executed to and in favor of one Manuel Branco three gold notes in the sum of $25,000 each payable on demand with interest at the rates of six, seven and eight per cent. per annum, respectively, and one gold note in the sum of $7000, dated March 7, 1921, payable one year from date with interest at the rate of seven per cent. per annum; that Manuel Branco died on June 28, 1921, leaving a last will and testament dated March 29, 1921, in which he nominated the Security Trust Company, Limited, his executor; that the will of said decedent was admitted to probate in the circuit court of the fourth circuit on August 29, 1921, and the Security Trust Company, Limited, appointed executor thereof; that letters testamentary were issued to the executor on September 1, 1921, upon its filing an approved bond with the United States Fidelity and Guaranty Company as surety, conditioned upon the full performance by the executor of the duties of its office according to law; that since its appointment as executor the Security Trust Company, Limited, has not paid any of the principal of said notes but has paid the interest thereon to and including December 7, 1921; that

one George H. Vicars, on June 20, 1922, was appointed administrator *de bonis non* with the will annexed of the estate of the said Manuel Branco, deceased; that on February 21, 1922, the petitioner was appointed receiver of the Security Trust Company, Limited; that the circuit court of the fourth circuit, sitting at chambers in equity, on January 26, 1924, entered a modified decree in the matter of the estate of Manuel Branco, deceased (previously upon appeal in this court as No. 1498), wherein and whereby among other things it surcharged the Security Trust Company, Limited, with the sum of $82,000 together with interest thereon at the rate of six per cent. per annum from the 7th day of December, 1921, until paid, and ordered and directed the Security Trust Company, Limited, to forthwith pay to the administrator, etc., of the estate of Manuel Branco, deceased, the said sum of $82,000 together with interest as aforesaid, and further ordered that in the event of the failure of the Security Trust Company, Limited, to comply with and to carry out the said decree and to pay forthwith to the administrator, etc., of the said estate the amount of the indebtedness, both principal and interest, due from the Security Trust Company to the estate of Manuel Branco upon the date of the appointment of the former as executor and thereafter until the appointment of the receiver, except the sum of $7000 evidenced by the gold note of March 7, 1921, and interest thereon, then in that event the United States Fidelity and Guaranty Company as surety on the executor's bond pay to the said administrator the said amount and interest or so much thereof as the said executor should fail to account for; that the liabilities of the Security Trust Company exceeded its assets but that the executor had on hand cash available for the payment of claims and was able to make certain partial payments on ac-

count of the claims of the estate of Manuel Branco, deceased, accordingly as the court determined that such claims were preferred or ordinary obligations under the provisions of R. L. 1925, s. 3488. In conclusion the bill propounds the following questions upon which the receiver prays advice and instruction: (1) Is the claim arising in favor of the estate of Manuel Branco, deceased, on said three demand notes of $25,000 each a preferred claim against the petitioner herein under R. L. 1925, s. 3488, par. 3, or otherwise; (2) Is the claim arising in favor of the estate of Manuel Branco, deceased, on said note of $7000, dated March 7, 1921, due one year from date, a preferred claim against the petitioner under R. L. 1925, s. 3488, par. 3, or otherwise? Upon the hearing, the record, including the evidence and exhibits filed in the matter of the estate of Manuel Branco, deceased, by stipulation of the parties, was incorporated as a part of the record in the instant case.

On May '10, 1924, the trial court entered its decree holding that the claim arising in favor of the estate of Manuel Branco, deceased, on the three demand notes of $25,000 each was a preferred claim against the receiver under R. L. 1925, s. 3488, par. 3, and should be paid by the receiver as a claim arising under the third paragraph of said section upon the same basis as all other claims in the same class; that the claim arising in favor of the estate of Manuel Branco, deceased, on the note of $7000, dated March 7, 1921, was not a preferred claim against the receiver under R. L. 1925, s. 3488, par. 3, but was a preferred claim under the fourth paragraph of said section and should be paid by the receiver as such upon the same basis as all other claims in that class, and ordered that the receiver make partial payment to the administrator on account of the three demand notes of $25,000 each under and on account of the modified

decree in the matter of the estate of Manuel Branco, deceased. From this decree the receiver and the administrator appealed. By stipulation of the parties there were incorporated as part of the record herein the records now on file in this court, including the transcript of the evidence, exhibits and briefs in the three causes entitled "In the Matter of the Estate of Manuel Branco, Deceased," and numbered respectively 1498, 1526 and 1527, the latter two of which are appeals from the modified decree above referred to, to the same legal effect as though the same had been filed in this cause pursuant to the oral stipulation entered into between the parties at the hearing in the trial court.

The administrator contends that the claims of the Branco estate are fiduciary obligations and as such are preferred as obligations contemplated by paragraph three of section 3488; the surety makes similar contention as to the claims of the Branco estate predicated upon the three $25,000 notes, but it admits that the note of March 7, 1921, is not a preferred claim. The receiver contends that the claims represented by the three demand promissory notes of $25,000 each and by the $7000 note are not preferred claims either under paragraphs three or four of section 3488, but are ordinary claims such as are described by the fifth paragraph of said section. The contentions of both the administrator and the surety are based upon the common-law fiction that where a creditor appoints his debtor the executor of his estate, upon acceptance of the trust by the latter the antecedent debt of the executor becomes realized assets in his hands, for the failure to account for which the executor is guilty of a breach of a fiduciary obligation as defined by R. L. 1925, s. 3488, par. 3. For an understanding of the provisions of R. L. 1925, s. 3488, it might be advisable to explain that R. L. 1925, ss. 3487 and 3488, pre-

scribe the method of winding up trust companies which have become insolvent or suffered impairment of capital.

. R. L. 1925, s. 3487, provides for the appointment of a receiver and winding up the business of a trust company when it has become insolvent or its capital impaired and authorizes the receiver to reduce the assets of the corporation to possession and pay its debts. Section 3488 provides the order in which the debts shall be paid: "Upon the winding up, the assets of the company shall be used in the following manner, that is to say: 1st. To the cost and expense of the winding up, including the receiver's compensation. 2nd. To the payment of all obligations incurred by the corporation by reason of acting in a fiduciary capacity by appointment of any court. 3rd. To the payment of all other fiduciary obligations of the corporation, including moneys received on trust account and obligations incurred while acting in a fiduciary capacity by appointment of individuals under wills, trust deeds, or otherwise. 4th. To the payment of bonds, debentures, or other secured debts of the corporation. 5th. To the payment of all other debts or obligations of the corporation. 6th. To the distribution among the stockholders, pro rata, of any remaining assets."

The question presented by the contentions of the administrator and the surety has previously been before this court in another form. Upon the hearing in the circuit court of the fourth circuit on the final accounts of the Security Trust Company, Limited, as executor of the estate of Manuel Branco, deceased, these same notes of the Security Trust Company to Manuel Branco were under consideration and the judge of the fourth circuit held that the aggregate of the principal and accrued interest thereon was realized assets in the hands of the executor, for the full amount of which it was

liable in its individual capacity, and surcharged the executor in the full amount thereof and ordered and directed it to pay the same to its successor, the administrator *de bonis non* with the will annexed of the estate of Manuel Branco, deceased, in default of which or any part thereof the surety on the official bond of the executor was liable. Upon appeal to this court, however, without deciding whether the common-law fiction of realized assets obtained in this jurisdiction, we decided that as principal upon the bond the executor was only liable to the extent of damages resulting to the heirs and devisees under the will of the decedent Manuel Branco by reason of the breach by it of its common-law duty to pay its indebtedness to the estate, and relieved the surety from liability in excess of the amount of the indebtedness, both principal and interest, due from the Security Trust Company as executor of the estate of Manuel Branco upon the date of the appointment of the Security Trust Company as executor and thereafter until the appointment of the receiver. Upon remand of this cause to the fourth circuit court the modified decree of January 26, 1924, was entered and it is to this modified decree that the appeals in Nos. 1526 and 1527 in this court are referable.

As the question is now presented to this court upon this appeal the obligation of the executor in respect to the Branco estate must be considered independently of the bond. But even though so considered, in view of the language of R. L. 1925, s. 3488, par. 3, we deem it unnecessary to determine whether the common-law fiction of realized assets is applicable for the reason that even though it were assumed that this fiction obtained in this jurisdiction it would not create a fiduciary obligation in respect to the antecedent indebtedness of the

Security Trust Company to the Branco estate within the meaning of R. L. 1925, s. 3488, par. 3.

By the expression "fiduciary capacity" as employed in R. L. 1925, s. 3488, par. 3, the legislature clearly contemplated a status resulting from the voluntary act of a trustor expressly or by implication creating a trust and not one presumed or construed by law to arise out of transactions of parties nor from one involuntarily imposed by fiction of law. It must be borne in mind that the section referred to provides a method of payment by a receiver of claims against a defunct corporation out of its individual assets and is not directed to the distribution of trust property, held by the receiver, of which the corporation was trustee. It must be presumed that the assets to which the statute relates and which are subject to disposition by the receiver in making payment of obligations incurred by the corporation in its fiduciary capacity are exclusive of all trust property held by the corporation as trustee of a trust, however created, and whether express, implied, resulting or constructive. It must be further borne in mind that the fiduciary capacity to which paragraph 3 of the statute refers is that between the corporation as trustee and third parties as *cestui que trustent.* It contemplates a fiduciary on the one hand as obligor and a *cestui que trust* on the other as obligee, and an obligation the satisfaction of which by the receiver is not by delivery to the *cestui* or his legal representative of a trust *res,* but by the payment in cash out of individual assets of the corporation. The fiction of law by which antecedent debts of an executor to his testator are converted into realized assets in the hands of the executor creates an artificial involuntary status converting for the protection of creditors, devisees and legatees of the testator the preexisting relation of debtor and creditor into that of trustee and *cestui que trust.* The legislature,

however, obviously contemplated an actual fiduciary relation resulting from the voluntary acts of the parties and not a fictitious relation involuntarily superimposed by law. Where it speaks of a fiduciary it clearly contemplates a fiduciary resulting from a fiduciary relation expressly or impliedly created by act of the parties. The intention of the legislature is indicated by the language of the statute with which the words "fiduciary capacity" are associated, namely, "moneys received on trust account" and "by appointment of individuals under wills, trust deeds * * *," all instances of expressed trusts. Trusts created by the deposit of money on trust account and trusts created by wills or trust deeds imply voluntary trusts expressly or impliedly created by a trustor and not involuntary trusts presumed or construed from the acts of parties, or imposed by fiction of law. Moreover, the statute contemplates that the obligation incurred by the executor be the result of a fiduciary relation theretofore existing between the corporation and the claimant or his privy. Debts incurred by the corporation on behalf of an estate of which it is executor are not obligations of the corporation though incurred by the executor in his fiduciary capacity. It is not in this sense that the term "fiduciary obligations" is employed in the statute. It refers to obligations which are the outgrowth of fiduciary relations. Here the claim is not the result of a fiduciary relation within the meaning of the statute. The obligations upon which the claims of the Branco estate are predicated are unsecured promissory notes existing prior to the appointment of the trust company as executor. They created as between the corporation as maker and Manuel Branco as payee the relation of debtor and creditor. Though the notes were merged in the surcharge the legal relations originally existing between the parties control. The fiction of realized assets may

for some purposes create a fiduciary relation but in determining what are fiduciary relations within the meaning of R. L. 1925, s. 3488, par. 3, the receiver is controlled by the relations as originally created by the parties and not by a fiction invoked for the benefit of creditors, heirs, devisees and legatees. An instance of similar inapplication of the fiduciary theory resulting from the interposition of the fiction of realized assets is illustrated in determining the criminal liability of an executor who in accordance with the fiction is presumed to have in his possession cash representing his indebtedness to the estate but who by reason of insolvency existing at the time of his appointment or thereafter is unable upon accounting either wholly or in part to produce the amount thereof. Such failure would certainly not constitute embezzlement. Had the Security Trust Company upon its acceptance of the trust set aside for the benefit of the Branco estate the amount of its indebtedness to it the fund thus conserved unquestionably would have constituted a trust *res* for the conversion of which it would have incurred a fiduciary obligation and in the payment of which by the receiver the provisions of the third paragraph of the section would apply. But that is not the instant case. On the contrary, the facts are undisputed that the notes with the exception of a small payment on account of interest remained wholly due and unpaid during the incumbency of the Security Trust Company as executor and that no fund was created by it for their liquidation. The application of the fiction of realized assets would be a perversion of the facts. The actual facts and not a liability created by a fiction of law control in determining what are and what are not fiduciary obligations within the meaning of the section referred to.

The first question propounded by the bill is therefore answered in the negative.

As to the second question in respect to the note of March 7, 1921, for $7000. This note was not due until the same date of the following year, prior to which time the receiver had been appointed. What was said of this note in re *Estate of Manuel Branco,* 27 Haw. 655, is equally applicable here. Moreover, upon the removal of the executor and the appointment of the administrator this note was transferred to the latter and he now holds possession thereof as a claim against the Security Trust Company, Limited. Nor is this note a "bond, debenture or other secured debt of the corporation" within the meaning of R. L. 1925, s. 3488, par. 4. It is true that the note has been denominated as a debenture and upon occasions referred to in the record as such. In accordance with the maxim *noscitur a sociis* the word "debenture" as employed in paragraph four of the section refers to secured debts of the corporation. This note represents an ordinary indebtedness from the Security Trust Company to the estate.

The second question propounded is therefore also answered in the negative.

The claims of the Branco estate are ordinary debts and not entitled to preference and are payable as such under the provisions of paragraph five of section 3488.

The conclusion that the claims of the estate are not preferred ones makes it unnecessary to determine whether other creditors claiming preference under the third or fourth paragraph of section 3488 were necessary parties to the within proceedings.

The decree appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Harry Irwin* (also on the brief) for petitioner.

*W. H. Smith* (also on the brief) for the administrator de bonis non.

*A. L. Castle* (*Robertson & Castle* on the brief) for the surety.

CONCURRING OPINION OF PERRY, J.

I concur in the conclusion that the two reserved questions should be answered in the negative and that the claim of the Branco Estate upon the four promissory notes is not a preferred claim against the defunct corporation which was the executor of his estate and is to be paid under the provisions of paragraph "5th" of section 3488, R. L. 1925.

The section just referred to prescribes the order in which the assets of a trust company which is being wound up shall be distributed in the payment of its debts.  The claims are divided into five classes.  It is not contended by any of the parties in this case that the claims of the Branco Estate come within the definition of either the first or the second class.  Under the third class the direction is that the assets of the company shall be used in "the payment of all other fiduciary obligations of such corporation, including moneys received on trust account and obligations incurred while acting in a fiduciary capacity by appointment of individuals under wills, trust deeds or otherwise."  It need hardly be said that in the construction of statutes the language used is to be given its ordinary every-day meaning unless something in the context requires some other interpretation to be attributed to it.  The word "received" in its ordinary acceptation imports an *actual* receipt as distinguished from that which has never in fact been received at all and can be regarded as having been received only by resort to a fiction.  There is nothing in this subsection or in any other part of this statute tending to show that the word was here used as including moneys which

Perry, J., concurring.

never came into the possession of the corporation but which only under a fiction of the common law the corporation is to be deemed to have obtained. In so far as the expression "including moneys received on trust account" is concerned it seems to me that the reference of the statute is purely to moneys which were actually received by the executor or other trustee. It is clear that, when the moneys were originally borrowed by the corporation from Manuel Branco and the promissory notes were given therefor, the relation created between the two was that of debtor and creditor. No trust relationship arose at that time. There was no entrusting of the moneys by Branco to the corporation for holding or for investment or for any other trust purpose.

The other class of debts expressed to be included under the paragraph marked "3rd" of the same statute is "obligations incurred while acting in a fiduciary capacity." The obligation to repay the notes was in reality incurred not while the Security Trust Company was acting in a fiduciary capacity but long before its appointment as executor.

As above stated the relation created was that of debtor and creditor. Assuming without deciding that the common-law fiction relating to "realized assets" is law in Hawaii, it was not that fiction that created the obligation of the trust company to repay Branco. That obligation arose in the beginning when the money was borrowed. The fiction was devised in order to aid in the enforcement of the collection of moneys due from fraudulent or careless executors to the estates of decedents and cannot in any event, even if it is law in Hawaii, be considered as being the cause or the means of the "incurring" of the obligation in question.

One result of the application of the common-law fiction to this case would be that *bona fide* creditors of the cor-

poration, beneficiaries of fiduciary obligations clearly falling within the class mentioned in paragraph marked "3rd" of the statute, would be injured in that their rights of recovery against an insolvent corporation would be lessened by the placing in the same class of a claimant in the position of the Branco Estate which would not come into the same class except by the employment of the fiction. Certainly the common-law fiction was not intended for any such purpose or to have any such result. In interpreting a modern statute providing for the distribution of the assets of a trust company of recent origin and development, the court should not indulge in this fiction of the common law which was not created for or had any proper reference to such a subject. Realities and not fictions are what the legislature evidently had in mind in enacting the provisions of the statute under consideration.

If the fiction is not law in Hawaii the moneys in question clearly were never received on trust account; and the only argument which is advanced—the only argument which can be advanced—to bring the claim within the preferred class named in sub-paragraph 3 is that by resort to the fiction the moneys must be deemed to have been received and on trust account. The ordinary meaning of the word "received," the absence of any indication in the words of the statute of an unusual meaning and the view based on these considerations that the legislature had in mind actualities and not fictions sufficiently dispose of the whole claim of preference.

I concur also in the view that the three notes in question are not "bonds, debentures or other secured debts of the corporation."